IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL FRESSOLA, ) | |
| ) | |
| Plaintiff, ) | Case No. 16 CV 11055 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| SAFEGUARD PROPERTIES, LLC, ) | |
| ) | |
| Defendant, ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Michael Fressola has filed an amended complaint against defendant Safeguard Properties, LLC seeking statutory, compensatory, and punitive damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f, ("FDCPA") (Count I), trespass (Count II), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, ("ICFA") (Count III). Defendant has moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the reasons stated below, defendant's motion is granted in part and denied in part.

**BACKGROUND**

Plaintiff owns real property in Chicago, secured by a mortgage loan obtained from PNC Bank. Plaintiff's mortgage loan entered default on September 1, 2014. PNC Bank sued for foreclosure on the mortgage in the Circuit Court of Cook Count, Illinois.[1]

After the foreclosure action was filed, but before judgment or an order of possession had been entered, defendant was hired by PNC Bank to "lock/winterize" the property. According to defendant's website, defendant is a "resource for multiple aspects of default property

---
[1] Case No. 2015 CH 80755.

1

preservation." Defendant offers property preservation services, including "Securing, Winterization, [and] Debris Removal."

Plaintiff, apparently after some absence from, but without any intent to abandon the property, returned to discover that the locks had been changed and the property's pipes winterized. Defendant left a work order at the property which provided limited information- only the purpose of the visit and a phone number to contact defendant.

## DISCUSSION

### I. Legal Standard

When deciding a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), the court views all well pleaded allegations of the complaint as true and draws all reasonable inferences in favor of the non-movant. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but the movant must allege facts that, when "accepted as true . . . state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). Alleged violations of the FDCPA "must be viewed from the objective standard of an unsophisticated debtor." Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F.3d 1057, 1060 (7th Cir. 2000) (quotations marks omitted). Additionally, allegations of fraud are subject to the heightened pleading standard in Fed. R. Civ. P. 9(b). Fraud must be pled with particularity, which means the complaint must allege the "who, what, when, where and how" of the fraud. Borsellino v. Goldman Sachs Grp., Inc., 477 F.3d 502 (7th Cir. 2007) (citing DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990)). Because unfair practices under the ICFA has "neither fraud nor mistake" as an element, a cause of action for unfair practices "need only meet the notice pleading standard"

2

of Rule 8(a). Windy City Metal Fabricators & Supply Inc. v. CIT Tech. Fin. Services, Inc., 536 F.3d 663, 670 (7th Cir. 2008).

**II.    Analysis**

**A.    Count I**

In Count I, plaintiff alleges that by entering his property and "winterizing" its pipes, defendant has violated § 1692f(6)(A) of the FDCPA.[2] Defendant has moved to dismiss pursuant to Rule 12(b)(6), arguing that plaintiff's complaint fails to state a claim because he has not alleged facts that plausibly suggest that defendant is a "debt collector" as defined by 15 U.S.C. § 1692a. Defendant further argues that even if plaintiff has properly alleged that defendant is a "debt collector," plaintiff has not alleged that defendant was attempting to collect a debt as required by 15 U.S.C. § 1692.

To bring a claim under the FDCPA, plaintiff must allege that defendant meets the definition of a "debt collector." Ruth v. Triumph Partnerships, 577 F.3d. 790, 796 (7th Cir. 2009). The FDCPA (15 U.S.C. § 1692a(6)) defines "debt collector" as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

---

[2] "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt . . . . [T]he following conduct is a violation of this section:
   (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if-
       (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest . . . .
15 U.S.C. § 1692f(6)(A).

Plaintiff specifically alleges that defendant falls under the expanded definition for the purposes of § 1692f(6). The complaint alleges:

> 4. Defendant . . . is a corporation that contracts with mortgage lending and servicing institutions to, as its principal purpose, manage and preserve at-risk and foreclose [sic] properties. [Defendant] maintains a website . . . wherein it states . . . '[defendant] assists its clients every step of the way, from default through foreclosure and conveyance.'
>
> 5. [Defendant's] principal purpose is the enforcement of security interests via the use of instrumentalities of interstate commerce.
>
> 6. [Defendant] . . . markets its services to mortgage companies with delinquent and defaulted borrowers. [Defendant] advertises field services . . . and among these services are communicating with delinquent borrowers on behalf of mortgage companies, contacting mortgagors to request that they call mortgage companies, and reporting back to mortgage companies whether it has made contact with mortgagors and regarding the condition of mortgaged properties.

Plaintiff argues that the complaint adequately alleges that defendant is a "debt collector" because it alleges that defendant markets primarily to mortgagees, and that defendant's principal purpose is to manage and preserve at-risk and foreclosed properties.

This district is split on the issue of whether so called "property preservation" companies like defendant qualify as "debt collectors" under the FDCPA. In <u>Bywater v. Wells Fargo Bank, N.A.</u>, 2014 WL 1256103, *4 (N.D. Ill. Mar. 24, 2014), the plaintiff alleged that the defendant property preservation companies violated the FDCPA by falsely claiming a right to enter the property, and by engaging in allegedly abusive conduct materially identical to that alleged in the instant case. The court held that the "allegations in plaintiff's complaint are sufficient to bring [the defendants] within . . . [the] definition [of 'debt collector'] for purposes of liability under subsection 1692f(6)," because the plaintiff had alleged that the defendant property preservation companies "are in the business of securing properties for mortgage lenders in connection with

foreclosures." Id. at *5. Unlike the instant case, however, in Bywater the foreclosure action had not yet been filed.

In Frazier v. US Bank Nat'l Ass'n, 2013 WL 1337263, *2 (N.D. Ill. Mar. 29, 2013), the defendant property preservation company allegedly changed the locks, "winterized" the pipes, and removed plaintiff's personal property from the premises. Like the instant case, the defendant in Frazier acted after a foreclosure action had been filed, but "prior to the entry of a court order of possession for Plaintiff's home." Id. The court held that because an order of possession had not yet been entered, and because § 1692f is a provision of "general application" to unfair and unconscionable behavior, "the Court will not dismiss Plaintiff's timely allegations at this stage." Id. at *9 (citing McMillan v. Collection Prof'ls Inc., 455 F.3d 754, 764 (7th Cir. 2006)).

In McKenney-Becker v. Safeguard Properties, LLC, 2015 WL 170520 (N.D. Ill. Jan. 2015), again after a foreclosure action had been filed but before a judgment had been entered, Safeguard allegedly changed the locks, "winterized" the pipes, and removed the plaintiff's personal property from the premises. The plaintiff alleged "non-judicial action to effect dispossession and disablement of property . . . in [Safeguard's] attempts to collect the debt allegedly owed by Plaintiff." The plaintiff also made the identical allegation that Safeguard "contract[s] with mortgage lending and servicing institutions to, as [their] principal purpose, manage and preserve at-risk and foreclose[d] properties." Id. at *1. The court found these allegations sufficient to bring Safeguard "within the scope of section 1692a(6)'s expanded definition of a "debt collector." Id. at *5 (citing Frazier, 2013 WL 1337263, at *9; Flippin v. Aurora Bank, FSB, No. 12 C 1996, 2012 WL 3260449, at *2 (N.D.Ill. Aug. 8, 2012); Matthews v. Homecoming Fin. Network, 2005 WL 2387688, at *4 (N.D. Ill. Sept. 26, 2005)).

5

In contrast, in <u>Deegan v. Safeguard Props., LLC</u>, 13 C 4840, Tr. at 3, 5-8 (N.D. Ill. Sept. 13, 2013), Judge Shadur held sua sponte that Safeguard's principal purpose was "something different," that the enforcement of security interests is only a "collateral consequence" of their activity, and thus Safeguard could not fall under the definition in § 1692a.

The Seventh Circuit has yet to address the issue. This court agrees with <u>Frazier</u>, <u>McKenney-Becker</u>, and in particular, Judge Kennelly's decision in <u>Bywater</u>, 2014 WL 1256103 at *5:

> Plaintiff alleges that [the defendants], changed the locks on the home and removed some of plaintiff's personal property . . . before any foreclosure case had even been filed, let alone proceeded to judgment. That activity, which plaintiff alleges was part of an effort to evict her and her family from the home, is within the scope of what subsection 1692f(6) prohibits. . . . The complaint alleges that [the defendants] are in the business of securing properties for mortgage lenders in connection with foreclosures . . . which is sufficient to bring them within the scope of section 1692a(6)'s expanded definition of "debt collector."

In the instant case, plaintiff alleges that defendant markets its services to mortgage companies, and directs the court to the following language on defendant's website: "[defendant] assists its clients every step of the way, from default *through* foreclosure and conveyance." As plaintiff argues, defendant makes a point to market its services to mortgagees with unsatisfied loans. Plaintiff also alleges that defendant provides services for "contacting mortgagors to request that they call mortgage companies." These allegations, taken as true for the purpose of deciding defendant's motion, sufficiently claim that defendant is in the business of enforcing security interests under the FDCPA.

Next, defendant argues that plaintiff fails to adequately allege that defendant is a debt collector because the complaint fails to allege that defendant's *principal purpose* is to enforce a

6

security interest. Indeed, defendant correctly points out that plaintiff's complaint facially contradicts itself.

As noted above, the definition of a debt collector includes "any person who uses any instrumentality of interstate commerce or the mails in any business *the principal purpose* of which is the enforcement of security interests." 15 U.S.C. § 1692a(6) (emphasis added). Plaintiff that defendant "contracts with mortgage lending and servicing institutions to, as its principal purpose, manage and preserve at-risk and foreclose [sic] properties," but also alleges, that defendant's "principal purpose is the enforcement of security interests via the use of instrumentalities of interstate commerce."

As defendant correctly points out, the FDCPA requires "the principal purpose," not simply *a* principal purpose, meaning that the statute contemplates only those entities which have, as a *single* principal purpose, "the enforcement of security interests." 15 U.S.C. 1692a(6). Defendant cites Hunte v. Safeguard Properties Mgmt, LLC. to support its argument. No. 16-cv-11198 (N.D. Ill. June 6, 2017). In Hunte, the court held that, because the plaintiff alleged that defendant's principal purpose is, "to manage and preserve-at-risk properties," *and* "[to] enforce[] security interests," the plaintiff failed to plead that "the principal purpose" was the enforcement of security interests. An identical inconsistency exists in the instant complaint. Nevertheless, this court does not find such an inconsistency in the plaintiff's pleading to be fatal to the allegation that defendant is a debt collector.

Read together and liberally, although not a model of clarity, the complaint alleges that defendant "manage[s] and preserve[s] at-risk and foreclose[d] properties" for the principal purpose of "enforce[ing] . . . security interests." The court concludes that the complaint adequately alleges that defendant is a "debt collector." See McKenney-Becker, 2015 WL 170520 at *7 (noting

that the plaintiff's allegation that "Safeguard's principal purpose is the enforcement of security interests via the use of instrumentalities of interstate commerce . . . [is] conclusory rather than factual and therefore [is] insufficient," but that the plaintiff's allegation that "Safeguard . . . contract[s] with mortgage lending and servicing institutions to, as [their] principal purpose, manage and prserve at-risk and foreclose[d] properties," is sufficient) (quotation marks omitted). Consequently, the court concludes that the complaint plausibly alleges that defendant's principal purpose is the enforcement of security interests and that defendant is a "debt collector."

Next, defendant argues that the complaint fails to allege activity which the FDCPA contemplates as "attempting to collect a debt." Plaintiff counters that the complaint adequately alleges that defendant was attempting to collect a debt, because it alleges that defendant's actions were "taken to induce plaintiff to believe" that plaintiff no longer had the right to possession of the property. Specifically, the complaint alleges that:

> 16. [Defendant] changed the locks on the property in order to induce plaintiff to believe that defendant and the creditor of the debt had the right to possession of the property.
>
> 17. PNC Bank and [defendant] at all times knew that plaintiff had [not] abandoned the property . . . defendant by its actions attempted to bully plaintiff into abandoning the property or agreeing to a quicker foreclosure of plaintiff's home.

As with the definition of debt collector, courts within the district have split on whether activity such as defendant's constitutes an attempt to collect debt. For example, in <u>Alqaq v. CitiMortgage, Inc.</u>, 2014 WL 1689685, *3 (N.D. Ill. Apr. 29, 2014), as defendant points out, the court drew a distinction between "debt collection" activity and "securing property," holding that the defendant property preservation company was acting only to secure property, and that the enforcement of a security interest was incidental. Defendant's reliance on this case is misguided, however, because in <u>Alqaq</u> a foreclosure judgment had already been entered, unlike the instant

8

case. Id. at *2. The court in Alqaq was able to draw its distinction because the property no longer qualified as an outstanding security interest. Id.

Defendant cites Gordon v. Bank of N.Y. Mellon Corp., 964 F. Supp. 2d 937, *948 (N.D. Ind. 2013), in which the court held that the defendant property preservation company's activity was not an attempt to collect debt. Gordon is not instructive here because, unlike the instant case, the plaintiffs in Gordon did not allege that there was any debt to collect. Id. The plaintiffs claimed to have no outstanding loans or mortgages on the property. Id.

Defendant also cites Hill v. Wells Fargo Bank, 946 F. Supp. 2d 817, 822-23 (N.D. Ill. 2013), which also held that the defendant property preservation company's alleged activities did not qualify as an attempt to collect a debt. This authority is also unpersuasive. The plaintiffs in Hill alleged that the defendant property preservation company replaced the locks on their property and "drill[ed] a hole in the hot water tank's floor," but this alleged activity fell outside of the statute of limitations for the plaintiffs' FDCPA claim. Id. In fact, the court contrasted these allegations from the timely "unauthorized entry" allegation. The later was insufficient to allege that the defendant was attempting to collect a debt because it did not allege that the defendant "did anything to prevent the [plaintiffs] from possessing their home." Id. In contrast, in the instant case none of the activity that plaintiff alleges falls outside of the one-year statute of limitations, and the complaint alleges that defendant's actions were taken to prevent plaintiff from possession.

Plaintiff cites cases within the district that hold that defendant's activity qualifies as an attempt to collect a debt, but, again, many are distinguished from the instant case by accompanied attempts at communication with the plaintiff, or by attempts to facilitate communication between the mortgagee and the plaintiff. Schlaf v. Safeguard Props., LLC, 2016 WL 612866 (N.D. Ill. Feb. 16, 2016); Simpson v. Safeguard Props., LLC, 2013 WL 2642143 (N.D. Ill. June 12, 2013).

9

Indeed, the distinction drawn by courts within this circuit largely rests on whether the defendants attempted to communicate with the plaintiff on behalf of the debtor. Courts have held that such communication would properly indicate whether the defendants are attempting to collect a debt. Simpson, 2013 WL 2642143 at *5-6 (citing Siwulec v. J.M. Adjustment Servs., LLC., 465 F. App'x 200, 204 (3d Cir. 2012)). For example, in Simpson, after providing its "property preservation services," Safeguard left notes that directed the plaintiffs to "PLEASE CALL" the mortgagee and to "PLEASE BE READY TO GIVE YOUR ACCOUNT NUMBER." The court held that Safeguard's activity qualifies as an attempt to collect debt, because eliciting personal responses from debtors "goes beyond mere information gathering or message delivery." Id. at *2 (citing Romine v. Diversified Collection Servs., Inc., 155 F.3d 1142, 1149 (9th Cir.1998)).

In the instant case, however, plaintiff alleges that defendant left a work order at the property, which stated only the purpose of defendant's "visit" was to "lock/winterize" the property, and provided a telephone number to contact defendant, not the mortgagee.

In Bywater, however, the defendants also left only a work order with their phone number. The court nonetheless found that the defendant's alleged activity and intentions (to effectively evict the plaintiff and circumvent the foreclosure process), combined with the fact that the foreclosure action had not yet been filed, were sufficient to infer that the defendants were acting in an attempt to enforce a security interest. Bywater, 2014 WL 1256103 at *16.

The court again follows the reasoning of Bywater, McKenney-Becker, and Frazier. In the instant case, if, as plaintiff alleges, defendant was aware that the property was not "vacant" or "at risk," then it is plausible that defendant's actions were taken, not just to "secure" the home, but to intimidate plaintiff and assist the mortgagee by enforcing a security interest. The purpose of the FDCPA is "to eliminate abusive debt collection practices. . . ." 15 § 1692(e). This language speaks

directly to the plaintiff's allegations. Defendant was hired by PNC Bank after the foreclosure action was filed, but *before* a foreclosure judgement has been entered. Plaintiff alleges that defendant acted to circumvent, or at least expedite, the foreclosure process. The alleged activity, especially viewed in the context of an outstanding security interest to enforce, is sufficient to state a plausible claim that defendant was acting in an attempt to enforce a security interest. See McKenney-Becker, 2015 WL 170520 at *7 (denying motion to dismiss the plaintiff's § 1692f(6)(A) claim where the plaintiff alleged "non-judicial action to effect dispossession and disablement of property in [the defendant's] attempt to collect debt allegedly owed by Plaintiff"); Frazier 2013 WL 1337263 at *37-38 (holding that the plaintiff's allegation that the defendant was enforcing a security interest, and that the defendant did not have present right to possess the collateral, was adequate to support a plausible claim). Thus, the court concludes that Count I of the complaint states a claim.

### B. Counts II and III

In Counts II and III plaintiff alleges trespass and a violation of the ICFA. Under Illinois law, trespass is "an invasion in the exclusive possession and physical condition of land." Millers Mutual Insurance Assc. of Ill. V. Graham Oil Company, 282 Ill. App. 3d 129, *139 (Ill. App. Ct. 1996). Defendant argues that plaintiff's claim does not properly allege a trespass because the mortgage agreement authorized defendant's entry. Defendant attaches what it claims is the relevant mortgage agreement, which provides:

> 9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument. If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, . . . then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the property and rights under this Security Instrument, including protecting . . . and securing and/or repairing the Property . . . includ[ing], but . . . not limited to, entering the Property

to make repairs, change locks, . . . drain water from pipes . . . and have utilities turned on or off.

Defendant relies heavily upon Schweihs v. Chase Home Finance, LLC., 77 N.E.3d 50, 64 (Ill. 2016), in which the court rejected the plaintiff's trespass claim because the defendants had a contractual right to enter the property. Defendant argues that, just as the Illinois Supreme Court did in Schweihs, this court should hold defendant's actions were authorized by the agreement between plaintiff and PNC Bank. Id. Plaintiff counters that the entry by defendant was a trespass because the agreement allows the mortgagee "to do and pay for whatever is reasonable or appropriate," and since defendant and PNC Bank were both allegedly aware the property was secure and occupied, defendant's actions were neither reasonable nor appropriate. This is an issue of fact that cannot be decided on a motion to dismiss. The court in Schweihs made its ruling on appeal of an entry for summary judgment, in a much later stage of litigation. Schweihs, 77 N.E.3d at 53. Consequently, the court denies defendant's motion to dismiss Count II.

Plaintiff also alleges that defendant violated the ICFA.[3] The ICFA is intended to "protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices." Batson v. Live Nation Entm't, Inc., 746 F.3d 827, 830 (7th Cir. 2014). The ICFA defines consumer as "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 ILCS 505/1(e). The ICFA defines "trade" and

---

[3] ". . . [U]nfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful."
815 ILCS 505/2.

"commerce" as "the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated . . . ." 815 ILCS 505/1(f). Plaintiff alleges in his amended complaint that he is a "consumer," but plaintiff provides no factual allegations to support this legal conclusion. Thus, this allegation is inadequate. See Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Plaintiff does not qualify as a "consumer" under the ICFA, nor does the plaintiff adequately allege that he engaged in "trade" or "commerce" with defendant. See McKenney-Becker, 2015 WL 170520 at *8 (dismissing the plaintiff's ICFA claim for failure to establish a consumer relationship between the plaintiffs and the defendants). Consequently, The court dismisses plaintiff's ICFA claim without prejudice.

## CONCLUSION

For the reasons discussed above, the court grants in part and denies in part defendant Safeguard's motion to dismiss (Doc. 17). The motion is granted as to Count III and denied as to Counts I and II. Defendant is ordered to answer Counts I and II on or before August 24, 2017. The parties are directed to file a joint status report with this court's on or before August 28, 2017. The status conference set for August 17, 2017, is vacated and this matter is set for a report on status August 31, 2017, at 9:00 a.m.

**ENTER:    August 2, 2017**

_____
**Robert W. Gettleman
United States District Judge**